UNIED STATES' DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DOCKET NUMBER:

CHUKWUMA E AZUBUKO
Plaintiff

V.

Case: 1:21-cv-00530 JURY DEMAND
Assigned To : Sullivan, Emmet G.
Assign. Date : 2/25/2021
Description: Pro Se. Gen. Civ. (F-DECK)

01)   COMMERCE INSURANCE

02)   KARLENE A VALENTE INSURANCE AGENCY INCORPORATION

03)   THOMAS A WALSH – IN INDIVIDUAL AND OFFICIAL CAPACITIES

04)   PARKING CLERK FOR THE CITY OF BOSTON – IN INDIVIDUAL & OFFICIAL CAPACITIES

05)   COMMONWEALTH OF MASSACHUSETTS

06)   MASSACHUSETTS' REGISTRY OF MOTOR VEHICLES

07)   THE CLERK – MASSACHUSETTS SUFFOLK SUPERIOR COURT – IN INDIVIDUAL AND OFFICIAL CAPACITIES

08)   SULTAN DURZI – IN INDIVIDUAL AND OFFICIAL CAPACITIES

09)   MASSACHUSETTS' ASST. ATTY. GEN. SALLY VANDER WEELE – IN INDIVIDUAL AND OFFICIAL CAPACITIES

10)   DOUGLAS H. WILKINS – IN INDIVIDUAL & OFFICIAL CAPACITIES
Defendants

**COMPLAINT**

**INTRODUCTION**

The Plaintiff insured his two cars with the first Defendant in 2016 under subject to correction. It expired in July, 2017. There seemed to be a one month grace period – August – 2017. The

count started from September. During that period, the Plaintiff noticed that her daughter's name that live in Connecticut at the and who had her own insurance with Geico was included in the auto insurance policy. The Plaintiff's daughter was a new driver at the time and it meant higher premiums payment by the Plaintiff. The Plaintiff protested against the decision to include her in the policy [as would be expected of any reasonable person similarly situated with the Plaintiff] The Plaintiff requested for modification of the auto insurance, which had been created prior to the discovery of the Plaintiff's daughter name in the contract. The modification policy never came to fruition. The next thing the first Defendant did was to cancel the auto insurance policy and supplied the defamatory information to the sixth Defendant. That made the insurance of the cars extraordinarily difficult for the Plaintiff.

The insurance agencies the Plaintiff approached demanded one year payment of auto insurance premiums payment in advance. That was a lot of money to the Plaintiff. Consequently, the Plaintiff could not renew the cars' plate renewals and inspection's stickers. That became a windfall for the fourth Defendants. She was issuing the Plaintiff wherever the Plaintiff parked for the expired plate registrations and inspections' stickers. At a point, the Plaintiff Toyota Camry with Massachusetts' registration number as 345 VJ1. Was booted and towed the self-same day. The Plaintiff contacted sought temporary injunction from the tenth Defendant, but to no avail. Defendant numbers eight and nine were duly informed of the seizure of the car, but the rule of law means nothing to them. In essence, they shammed ignorance of the doctrine of *sub judice*. The Plaintiff strove to explain it to them over the telephone and they cared less. Defendant number two insisted that the Plaintiff had to pay the auto insurance premiums for two cars at once for a year. That qualified her as a *trespasser of the law* owing to the United States' Supreme Court precedent or past ruling. Such unconscionable conduct is actionable, all things

being equal.  Eventually, she assisted the Plaintiff to procure an auto insurance with the Safety Insurance Company.

The incidence or the report by the first Defendant to the Sixth Defendant culminated into the Plaintiff filing a complaint with the Massachusetts' Division of Insurance.  The third Defendant adjudicated over the Complaint on paper's committal basis – no physical presence hearing – in stark violation of the matchless Law of the Land.

Of course, the fourth Defendant issued the Plaintiff tickets that amounted to $1,681.00.  The Plaintiff paid her/him the money prior to retrieval of his car.  That is not in dispute and under the penalties for perjury too. That qualified as an unjust enrichment and very unconscionable.

The Commonwealth of Massachusetts abused her police's powers on the City of Boston Parking Ordinance.  It should be noted that on buying the cars, the Plaintiff paid the sales tax/es to her.  That qualified as an implied contract to authorize the Plaintiff to park his cars anywhere in Massachusetts as far nobody's security is impeded.  That was not the case, but anticipatory breach of contract prevailed thus delegation of the parking powers to the City of Boston with little or not supervisory powers.  Consequently, the City of Boston deems it advisable to be running amok [with the powers that Defendant number five failed to checkmate accordingly or desirably.

The seventh knew very well that the Plaintiff was condemned to miscarriage of justice overtly by either Defendant number ten or another judge of the Suffolk Superior Court and did nothing; it should not be so.  He violated his oath of office, all things being equal.

The Defendants number seven and eight were attorneys representing the Parking Clerk for the City of Boston and Commonwealth on a separate ongoing parking related lawsuit at the Suffolk Superior Court, which the tenth Defendant officiated.  For reasons best known to them, they did

nothing to enable the Plaintiff procure his car without paying the demanded $1,681.00. If they had respect for the rule of law, sub judice doctrine should have caused them to assist the Plaintiff to regain his car without any payment. They were served with a copy of the temporary restraining order motion. The tenth Defendant accepted the filing and did nothing hitherto and has no intention of doing anything forever. What an unconscionable if not turpitude under the color of the law. Indeed, it should not be so!

It will be advantageous to note that the Plaintiff filed a lawsuit against the first Defendant – Commerce Insurance – at the Suffolk Superior Court. Sadly, Defendants numbers seven and ten prevented the case going forward. No Summonses were issued to the best of the Plaintiff's ability. The docket number at the Massachusetts' Suffolk Superior Court was **2018-3687-D**. The case was [racially] discriminatorily dismissed in stark violation of the oath of office/s.

**PARTIES**

The Plaintiff is a resident of the Suffolk County – Massachusetts – United States. His contact address will be as stated below. The first Defendant's contact address will be Corporate Counsel, Commerce Insurance, 11 Gore Road, Webster – MA 01570. Defendants numbers three, five, six, seven, nine and ten are Commonwealth of Massachusetts, her instrumentalities and her employees. Subsequently, their contact address will be thus: Massachusetts' Attorney General, Government Bureau & Trial Division, One Ashburton Place, Boston – MA 02108. The second Defendant's contact address is 1497 Dorchester Avenue, Dorchester – MA 02122. For Defendant number four, the contact address will be Corporation Counsel, City of Boston, Law Department – Room 615, Boston – MA 02201. The same address applies to Defendant number eight.

**JURISDICTION**

That exists on constitutional, statutory and procedural bases without tergiversation! [Article III Sec. 2; First Amendment; Fifth Amendment; Eight Amendment; 13th Amendment; 14th Amendment; 28 U.S.C. Secs. 1343, 1346(b) …, 1361, 2505, 2674 and 2680(h); 42 U.S.C. Secs. 1981, 1983, 1985 and 1986; Fed. R. Civ. 4(e); **49 U.S.C. Sec. 32303**; Mass. Const. Arts. 6, 10, 11 and 12; Mass. Gen. Law Ch. 93 Secs. 10 and 102; Mass. Gen. Law Ch. 249 Secs. 5 and 6; Mass. Gen. Law Ch. 258 Secs. 1-10; …]

**GIST OF THE LAWSUIT**

01) The first Defendant and others condemned the Plaintiff to defamation.

02) That the actions of the necessary Defendants exposed the Plaintiff to deprivation of property's interest.

03) That the actions of the necessary Defendants exposed the Plaintiff to intentional infliction of emotional distress!

04) That the actions of the Defendants exposed the Plaintiff to negligent infliction of emotional distress.

05) That the actions of the necessary Defendants markedly deviated from "The Requirements of Due Process."

06) That the necessary Defendants knowingly deprived the Plaintiff Equal Protection and Due Process Clauses, which are not the least constitutional doctrines in the United States [if not the world over] taking into consideration the composition of Fifth and 14th Amendments.

07) That the actions of the necessary Defendants justified obvious unjust enrichment and unconscionability if not turpitude.

08) That the actions of the necessary Defendants qualified for anticipatory breach of contract.

09) That the actions of the necessary Defendants justified abuse of police powers.

10) That the actions of the necessary Defendants justified blatant miscarriage of justice, abuse of process and abuse of oath of offices.

11) That the necessary Defendants' actions qualified for perjury and treason.

12) That the necessary Defendants' actions justified *lack of skill*.

13) That the actions of the necessary Defendants lent themselves to "Failure to Train as a Theory of Section 1983 Liability in the 11th Circuit."

14) That the necessary Defendants' actions resoundingly violated the Plaintiff's Civil Rights Act of 1964.

15) That the necessary Defendants' actions markedly deviated from the Massachusetts Judicial Code of Conduct [and the United States' Judicial Code of Conduct]

16) That the necessary Defendants' actions qualified for violation of the Massachusetts Equal Rights Act (MERA).

17) That the actions of the necessary Defendants lent themselves to *quo warranto*.

18) That the actions of the Defendants qualified for covert and overt discrimination.

19) That the actions of the Defendants qualified for *but for* doctrine.

20) That the actions of the Defendants qualified for deliberate indifference.

21) That the necessary Defendants' actions qualified for violation of the Massachusetts' Rules of Professional Conduct.

22) That the necessary Defendant/s' actions justified *"trespassers of the law."*

**JURY DEMAND**

The sub-head is obviously in keeping with the matchless Law of the Land! [C.f. Seventh Amendment; Mass. Const. Art. 15]

**DEMAND FOR COMPENSATORY AND PUNITIVE DAMAGES**

For the first Defendant, it will be $40m and $60m respectively. For Defendant number five, it will be $30m and $50m. For the other Defendants, it will be $30m and $40m. The total will be $740m. On individual capacity, it will $25m. Cost and interest will be excluded [as is the rule]

CHUKWUMA E AZUBUKO
*Pro Se*
P O Box 171121
Boston – MA 02117-1351
Telephone: (857) 417 2044

**Dated in Boston – Massachusetts – on 01/16/2021.**